UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHOE TAVERN PROPERTY OWNERS
ASSOCIATION; and TAVERN SHORES
OWNERS ASSOCIATION,

NO. CIV. S-06-407 LKK/GGH

        Plaintiffs,

  v.                               O R D E R

UNITED STATES FOREST SERVICE;
FEDERAL TRANSIT ADMINISTRATION;
and COUNTY OF PLACER, CALIFORNIA,

        Defendants.
_____/

     On April 30, 2007, the court granted defendants' motions for summary judgment and denied plaintiffs' motion for summary judgment. Pending before the court are the bill of costs submitted by Placer County, the Forest Service, and the Federal Transit Administration. As detailed below, the court awards Placer County $1,756.04 in costs and awards Forest Service and the Federal Transit Administration $1,245.69 in costs.

**A. Placer County**

     Placer County has submitted a bill of costs for $10,300.62,

1

the majority of which is attributable to costs associated with paralegal time spent preparing the administrative record. Placer County contends that it is entitled to these costs pursuant to Local Rule 54-292(f)(11), the California Environmental Quality Act (CEQA), and California Public Resource Code § 21167.6(b)(1). As explained below, the court denies Placer County's request for taxation of costs related to paralegal fees for preparation and indexing of the administrative record, but grants costs associated with the copying of the administrative record.

Placer County argues that CEQA's cost-shifting provisions should apply. Defendant is correct that in state court, as a state entity, it would ordinarily be entitled to costs for preparation of the administrative record, including paralegal time, pursuant to California Public Resources Code § 21167.6.[1] See River Valley Preservation v. Metro Transit Dev. Bd., 37 Cal. App. 4th 154, 182 (1995) (finding that trial court properly awarded costs for preparation of administrative record, including costs for labor); see also Black Historical Society v. City of San Diego, 134 Cal. App. 4th 670, 677-678 (2005) ("[S]tatutory law generally requires a [plaintiff] to bear the costs of preparing the record.").

In federal court, however, the court applies federal cost-shifting provisions, not state cost-shifting provisions. See

---

[1] California Public Resources Code § 21167.6(b)(1) states: "The parties shall pay any reasonable costs or fees imposed for the preparation of the record of proceedings in conformance with any law or rule of court." On its face, the statute does not assign responsibility to a particular party.

2

Riofrio Anda v. Ralston Purina Co., 772 F. Supp. 46, 54 (D.P.R. 1991) ("Unlike a determination of prejudgment interest and attorney's fees, which, pursuant to the *Erie Doctrine*, requires a federal court sitting in diversity to look to applicable state law, [] taxation of costs are governed by Rule 54(d)."); see also Walters v. President and Fellows of Harvard College, 692 F. Supp. 1440, 1441 (D. Mass. 1988) ("The predominant view . . . is that in diversity cases the award of costs is governed by federal law [rather than state law]").

Costs are awarded in federal court pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.  Rule 54(d)(1) requires the clerk of the court to award certain litigation expenses to the prevailing party.[2]  The Supreme Court has interpreted Rule 54(d)(1) to require that district courts consider only those costs enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). . . . The discretion granted by Rule 54(d) is not a power to evade this specific congressional command.").  In other words, § 1920 sets a ceiling on costs that a federal court may award.  See Odnil Music Ltd. v. Katharsis, LLC, 2006 U.S. Dist. LEXIS 68849 (E.D. Cal. Sep.

---

[2] The rule states: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).

3

22, 2006) ("Rule 54(d)(1) . . . and Local Rule 54-292(f) govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C § 1920.").

Section 1920 enumerates six categories of taxable costs. These include:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1928 of this title.

The labor costs associated with preparing the administrative record, however, are not included within any of these six categories; accordingly, they are not compensable to the prevailing party under Rule 54(d)(1).

Placer County also argues that Local Rule 54-292 permits the consideration of the pertinent state cost-shifting provisions. Local Rule 54-292 is substantially similar to section 1920 but includes a catch-all provision, which states that "[o]ther items allowed by any statute or rule or by the Court in the interest of justice" may be taxable. L.R. 54-292(f)(11). The problem, however, is that § 1920 still sets ceiling on what costs may be taxed pursuant to <u>Crawford Fitting</u>, and the catch-all provision within the local rules must be read in manner consistent with that limitation.

4

Accordingly, the court awards the following in costs to Placer County, excluding items that are either attributable to paralegal time or have been insufficiently documented:

| | |
|---|---|
| $1,108.05 | Copying cost (line item for "Heavy Litigation") |
| $1,772.88 | Three additional sets of black and white copies |
| $147.74 | Scanning/OCR |
| $73.87 | Bates Labeling (Electric) |
| $50.00 | CD Duplication (5 CDs) |
| Subtotal/2 | $1,576.27 (after dividing by two, to reflect the joint NEPA/CEQA record) |
| $179.77 | Copying costs for Placer County's documents for administrative record, including photographs |
| Total | $1,756.04 |

**B. Forest Service & Federal Transit Administration**

The court awards the federal defendants $1,245.69 in copying costs.

IT IS SO ORDERED.

DATED:   June 13, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT